# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:18-CV-00281-HBB

SABRINA DIANE PICKERELL                                   PLAINTIFF

VS.

ANDREW SAUL,
Commissioner of Social Security[1]                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Sabrina Diane Pickerell seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 15) and Defendant (DN 20) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** in favor of the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered July 23, 2018 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed.R.Civ.P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

FINDINGS OF FACT

Pickerell prospectively filed an application for Disability Insurance Benefits and Supplemental Security Income on October 11, 2016 (Tr. 223-232). Pickerell alleged that she became disabled on April 15, 2013 as a result of Irritable Bowel Syndrome; Arthritis; High Blood Pressure; Depression; and Anxiety (Tr. 246). Administrative Law Judge Jerry Lovitt ("ALJ") conducted a hearing on September 11, 2017 via video conference from Louisville, Kentucky. Pickerell appeared in Elizabethtown, Kentucky and represented by Kirsten Brown, a non-attorney representative. Also present and testifying was Tina Stambaugh, an impartial vocational expert.

In a decision dated November 21, 2017 the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-28). At the first step, the ALJ found Pickerell has not engaged in substantial gainful activity since April 15, 2013, the alleged onset date (Tr. 17). At the second step, the ALJ determined that Pickerell's degenerative disc disease, degenerative joint disease, obesity, anxiety, depression, and a history of substance abuse are "severe" impairments within the meaning of the regulations (Tr. 17). At the third step, the ALJ concluded that Pickerell does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 18).

At the fourth step, the ALJ found Pickerell has the residual functional capacity to perform less than the full range of sedentary work (Tr. 20). More specifically, the ALJ found that Plaintiff can frequently climb ramps and stairs, stoop, kneel, and crouch; cannot climb ladders, ropes, or scaffolds; cannot be exposed to unprotected heights; cannot crawl; cannot be exposed to wetness. Pickerell requires the use of a cane for ambulating. She is able to sustain concentration for completing short, simple, repetitive, routine tasks. She is able to use judgment in making simple

decisions consistent with this type of work. Pickerell requires an occupation with set routines and procedures with few changes throughout the workday. Pickerell should not engage in work with fast-paced production demands or fast-paced quota driven work. She should not perform assembly line work. She is capable of frequent contact with supervisors, coworkers, and the general public. Every 30 minutes Pickerell should be allowed to transition from sitting to a standing position, for two to three minutes while at the workstation, and she should be allowed to similarly transition from standing and walking to the sitting position every 30 minutes for two to three minutes while at her workstation. Pickerell would be off task no more than 10 percent of the workday in addition to normally scheduled breaks. (Tr. 21). Relying on testimony from the vocational expert, the ALJ found that Pickerell is unable to perform any of her past relevant work (Tr. 26).

The ALJ proceeded to the fifth step where he considered Pickerell's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 26). The ALJ found that Pickerell is capable of performing a significant number of jobs that exist in the national economy (Tr. 26). Therefore, the ALJ concluded that Pickerell has not been under a "disability," as defined in the Social Security Act, from April 15, 2013 through the date of the decision (Tr. 27).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 217-218). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1).

## Discussion

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d

680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

The Appeals Council denied Pickerell's request for review of the ALJ's decision (Tr. 1). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

I. Dr. Bruening's Medical Opinion

Pickerell's first contention is that the ALJ failed to assign appropriate weight to the opinion of Dr. Bruening. Pickerell argues that the ALJ "misconstrued" the record—resulting in an erroneous finding that Dr. Bruening's opinion was inconsistent with the medical evidence. Specifically, Pickerell contends the ALJ downplayed certain evidence indicating Pickerell had difficulty interacting with others, and emphasized other evidence suggesting she was capable of relating to people (DN PageID # 700-701). The Commissioner disagrees, arguing that the assignment of

partial weight to Dr. Bruening's opinion was appropriate and supported by substantial evidence in the record.

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529.

Dr. Bruening is not Pickerell's treating physician, but a non-examining state psychologist. The regulations provide that Administrative Law Judges "must consider" the medical findings of State Agency medical and psychological consultants because they "are highly qualified" physicians and psychologists as well as "experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). State agency psychological advisers can be given weight only to the extent they are supported by the evidence in the record.[2] 20 C.F.R. §§ 404.1527(f), 416.927(f); Social Security Ruling 96-6p; *see also* Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989).

---

[2] In making this assessment consideration should be given to such factors as the supportability of the opinion in light of all of the evidence in the record (not just the evidence in the record at the time the opinion was rendered), the consistency of the opinion with the record as a whole (including other medical opinions), and any explanation for the opinion provided by the non-examining State agency psychological consultant. Social Security Ruling 96-6p, 1996 WL 374180, at *2 (July 2, 1996).

Here, the ALJ assigned partial weight to Dr. Bruenig's opinion (Tr. 25). Dr. Bruenig found Pickerell could understand and remember simple, repetitive tasks and tolerate occasional, superficial contact with coworkers and supervisors in a non-public setting (Tr. 110-112). The ALJ afforded weight to the opinion that Pickerell is limited to simple, repetitive tasks because it is consistent with Pickerell's limitations in daily activities and her experiencing panic attacks (Tr. 25 citing 1F, 2F, 4F, 7F, 8F, and 10F). The ALJ did not find support for limiting Pickerell to superficial contact with others, and no contact with the public because Pickerell interacted properly and appropriately with her treatment providers without difficulty, including her treating therapists, and she reported having friends, and support from some family (Tr. 25).

The ALJ explained her finding by noting inconsistencies between Dr. Bruenig's opinion and other objective medical evidence in the record. Treatment notes from Pickerell's mental health treatment indicate that she frequently interacted positively with her treating providers (Tr. 560, 570, 585, 589, 591, 593, 613). While it is true, that this was not always the case regression was accompanied by Pickerell not taking her prescribed medication (Tr. 596-97, 600). Pickerell also reported that she had "a handful of friends" indicating that she can interact well with others (Tr. 613). Pickerell scored in the 100th percentile in "Getting Along with Others" (Tr. 526). She also reported positive social interactions with her husband's friends (Tr. 398).

To rebut the ALJ's finding Pickerell points to other evidence in the record that contradicts the ALJ's finding. Pickerell cites to treatment notes saying she is prone to angry outbursts and mood swings (Tr. 597, 600). However, these outbursts happened when Pickerell was at home with her family, not interreacting with others. Further, Pickerell's argument reflects a misunderstanding of the role of this Court. Review by this Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C.

§ 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, the Court must rule in his favor, even if substantial evidence supports the opposite conclusion. Cotton, 2 F.3d 692 at 695. Bound by this standard, the undersigned concludes the ALJ's finding is supported by substantial evidence in the record and correct legal standards were applied.

II.  Obtain an opinion from examining physician

Pickerell's second argument is that the ALJ's RFC finding was not supported by substantial evidence because the ALJ failed to complete the record and obtain an opinion of Pickerell's RFC from her treating physician. Pickerell alleges this led to the ALJ inappropriately playing doctor. The Commissioner responds in opposition, arguing that the record was adequately developed, and the RFC finding was supported by substantial evidence.

Pickerell's argument misses the mark. Pickerell cites several district court cases affirming the axiom that an ALJ may not interpret raw medical data, and his RFC assessment must be based on medical opinions in the record (DN 15 PageID # 702)(citing Gross v. Comm'r of Soc. Sec., 247 F. Supp.3d 824, 828 (E.D. Mich. 2017); Dillman v. Comm'r of Soc. Sec., 990 F. Supp. 2d 787, 795 (S.D. Ohio 2013); Brown v. Colvin, No. 5:12-CV-00145, 2013 WL 1703885, at *1 (W.D. Ky. Apr. 19, 2013)). It is true that an ALJ's RFC determination must be based upon medical opinions in the record, but that determination should not be a mere regurgitation of a physician's opinion concerning her patient's capabilities. "[T]o require the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an

abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013); *see also* Shephard v. Comm'r of Soc. Sec., 705 F. App'x 435, 442 (6th Cir. 2017); Webb v. Comm'r of Soc. Sec., 368 F. 3d 629, 633 (6th Cir. 2004); Mokbel-Aljahmi v. Comm'r of Soc. Sec., 732 F. App'x 395, 401 (6th Cir. 2018).

Here, Pickerell argues that the ALJ did not have adequate medical information concerning her obesity when forming her RFC determination (DN 15 PageID # 702). The record does not support this claim. The ALJ afforded partial weight to the opinion of state agency reviewing physician, Jack Reed, M.D., which opined Pickerell could perform light work (Tr. 25, 107, 111). The ALJ's RFC finding was more restrictive than Dr. Reed's due to the "negative impact of the claimant's obesity on her back and knee function" (Tr. 25). The medical records show that Pickerell's BMI was 34%, placing her at the lowest level of obesity, or "not significantly obese." *See* Thrash v. Comm'r of Soc. Sec., No. 3:12-CV-402, 2014 WL 1266975 at *10 n.4 (S.D. Ohio Mar. 26, 2014). The ALJ's opinion makes clear that she considered the medical opinions in the record and came to her own conclusion on Pickerell's RFC determination, precisely as the regulations prescribe. *See* 20 C.F.R.§ 404.1546(c).

Pickerell is incorrect in stating that the ALJ had a duty to seek additional medical evidence (DN 15 PageID # 703). As stated above, the ALJ was provided sufficient medical evidence to determine Pickerell's RFC. To the extent additional evidence would support Pickerell's argument, it was her duty to present this evidence to the ALJ. *See* Landsaw v. Sec'y of Health and Human Servs., 803 F.2d 211, 214 (6th Cir. 1986); 20 C.F.R. §§ 404.1512(c), 404.1513(d) 416.912(c), 416.913(d). Solicitation of further evidence by the ALJ is discretionary. Ferguson v. Comm'r of Soc. Sec., 628 F. 3d 269, 275 (6th Cir. 2010). Pickerell's non attorney representative repeatedly

confirmed the medical record was complete (Tr. 36, 317) and never mentioned obesity in at the hearing (Tr. 33-64) or in pre and post hearing briefs (Tr. 315-16, 317, 319-20).

Pickerell also argues that because Dr. Reed was not privy to MRI imaging that showed impingement on the nerve root, which would support more restrictive findings, a remand is required (DN 15 PageID # 703).  Again, this argument is unsupported by the record.  The ALJ's RFC finding is more restrictive than Dr. Reed's recommendation.  Further, it is clear that the MRI imaging Pickerell refers to was crucial to that finding.  The ALJ cited the MRI imaging in her opinion as reason for her more restrictive RFC determination (Tr. 25, citing 11F: Tr. 622).  Because the ALJ considered this evidence, not available to Dr. Reed at the time of his review, remand is not required.  See McGrew v. Comm'r of Soc. Sec., 343 F. App'x 26, 32 (6th Cir. 2009).  Therefore, the undersigned concludes that the ALJ's RFC determination was supported by substantial evidence and correct legal standards were applied.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

September 9, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:    Counsel